IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  12-cv-01167-WYD

CAROL A. WILCOX,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration[1],

    Defendant.

**ORDER**

I.    INTRODUCTION

THIS MATTER is before the Court on review of the Commissioner's decision that denied Plaintiff's application for disability insurance benefits under Title II of the Social Security Act ["the Act"].  For the reasons stated below, this case is reversed and remanded to the Commissioner for further fact finding.

II.    BACKGROUND

Plaintiff, born in 1947, applied for disability insurance benefits in July 2005 alleging disability since December 31, 1997 due to multiple sclerosis ["MS"].  (Transcript ["Tr."] 120, 427.)  Plaintiff's application was denied and a hearing was held by an administrative law judge ["ALJ"].  (*Id.* 370-96).  The ALJ issued a decision on May 25, 2007, finding that Plaintiff was not disabled.  (*Id.* 427, 431).

---

[1] Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant pursuant to Fed. R. Civ. P. 25(d).

Plaintiff challenged the ALJ's decision in this court, and on November 27, 2009, Judge Richard Matsch reversed the ALJ's decision and remanded the case to the Commissioner. (Tr. 443-46.) Judge Matsch ordered on remand that the Commissioner recontact Jane Burnham, M.D., Ph.D., Plaintiff's treating neurologist, and obtain clarification from her as to whether she agreed with the opinion of John Hughes, M.D., who had opined in May 2007 that Plaintiff could perform only a limited range of sedentary work since 2002. (*Id.* 446, *see also id.* 323-31). In accordance with agency policy, the Appeals Council remanded Plaintiff's case to the same ALJ, James Olson, and ordered him to comply with Judge Matsch's order. (*Id.* 442.)

On February 4, 2010, the ALJ recontacted Dr. Burnham, explained Judge Matsch's order, and requested clarification. (Tr. 503-04.) On February 13, 2010, Dr. Burnham responded to the ALJ's request for clarification. (*Id.* 560.) Following a second hearing (*id.* 583-95), the ALJ issued a new decision on January 26, 2011, finding Plaintiff had not established she was disabled prior to June 30, 2005–her date last insured. (*Id.* 427-39.)

More specifically, at step one of the five-step sequential evaluation process the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 431.) At step two, he found Plaintiff's MS was a severe impairment; and at step three, he found that Plaintiff's symptoms did not meet or equal the criteria of a listed impairment. (*Id.* 431-32.).

Between steps three and four, the ALJ assessed Plaintiff's residual functional capacity ["RFC"] and determined that, prior to her date last insured, Plaintiff could perform work with the restrictions of "frequently lift and/or carry up to 10 pounds, and occasionally

lift and/or carry 20 pounds; sit for unlimited periods of time; and stand for a total of at least 2 hours in an 8-hour workday." (Tr. 432.) In so finding, the ALJ gave treating physician Dr. Burnham's February 2006 questionnaire opinion "controlling weight", and noted her letter of February 13, 2010, confirming that Plaintiff's limitations as of June 30, 2005, were consistent with that report. (*Id.* 437.) The ALJ gave no weight to opinions rendered in May 2007 by Dr. Burnham and independent medical examiner Dr. Hughes imposing more significant restrictions. He noted that these opinions, consistent with the medical treatment records, reflect "the worsening of the claimant's symptoms and limitations in 2006, which is *w*ell after the date last insured. (*Id.* 436-37.)

Finally, at step four, the ALJ found that Plaintiff could perform her past relevant work as a food oils administrator, as she actually performed it, during the relevant period–i.e., prior to Plaintiff's June 30, 2005 date last insured. (Tr. 438-39.) Therefore, the ALJ found that Plaintiff was not disabled under the Act. (*Id.*)

On March 6, 2012, the Appeals Council denied Plaintiff's request for review, making the ALJ's January 2011 decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. § 422.210(a). This appeal followed.

Plaintiff argues that the ALJ failed to comply with Judge Matsch's Order, and that he committed reversible error by picking and choosing through Dr. Burnham's uncontradicted medical opinion of February 2006. Plaintiff also argues that the ALJ erred in not according adequate weight to the opinion of Dr. Burnham, and that he failed to consider the factors set forth in 20 C.F.R. § 404.1527(D). Further, she argues that the RFC assessment is conclusory and does not comply with SSR 96-8p. At step four, it is argued that the ALJ

improperly reclassified her past work–an issue that was decided in a previous decision–and erred in finding she can perform her past work.

II.     ANALYSIS

    A.     Standard of Review

A Court's review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). "It requires more than a scintilla of evidence but less than a preponderance of the evidence." *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988).

"Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

    B.     Whether the ALJ's Decision is Subject to Reversal

        1.     Whether the ALJ Followed Judge Matsch's Remand Order

Plaintiff argues that the ALJ failed to comply with Judge Matsch's Order for Reversal and Remand issued on November 27, 2009, in Civil Action No. 08-cv-00603. In that Order, Judge Matsch first described the three different opinions of limitations found in the record: treating physician Dr. Burnham's February 2006 questionnaire, Dr. Burnham's May 2007 statement, and independent medical examiner Dr. Hughes' May 2007 statement. (Tr. 445-

46).  As to Dr. Hughes, Judge Matsch noted that his "opinion would support a finding of disability", and that the ALJ rejected Dr. Hughes' opinion as unpersuasive and inconsistent with Dr. Burnham's findings in her February 2006 report.

Because of the inconsistency in these reports, Judge Matsch found that "the ALJ had a duty to contact Dr. Burnham, the treating physician, to resolve the conflict and ambiguity presented", and that the error to do this "is an error of law requiring reversal of the decision and remand for compliance."  (Tr. 446.)  Judge Matsch directed on remand that "inquiry should be made whether Dr. Burnham agrees with Dr. Hughes' assessment that limitations he found on his examination in the questionnaire report form he completed, which he said were applicable since December 17, 2002, would be considered by Dr. Burnham to be applicable to her patient's condition before June 30, 2005."  (*Id.*)

On February 4, 2010, the ALJ sent Dr. Hughes' May 2007 examination report to Dr. Burnham, asked her to review it, and noted the "conflict in the evidence" with Dr. Burnham's February 2006 opinion.  (Tr. 503-04). The ALJ explained that "[t]he matter at issue is the date at which Ms. Wilcox's impairment became so disabling that she could no longer perform work, specifically the period prior to July 1, 2005", and stated that the case had been returned to him to resolve the ambiguities in the medical evidence.  (*Id.*)  The ALJ also explained that Plaintiff had been found not to be disabled based on Dr. Burnham's February 2006 report, but that Dr. Hughes found that Plaintiff would render her disabled and unable to work as of December 17, 2002.  (*Id.*)  He further stated, "This does not discount your later report submitted in 2007 stating claimant was then disabled, as this is a progressive type of ailment, and it would follow that claimant's condition would worsen over

time." (*Id.*)  The ALJ concluded by asking Dr. Burnham to review the enclosed reports and provide her opinion as treating physician "as to what limitations the claimant had on or before July 1, 2005." (*Id.*)

On February 13, 2010, Dr. Burnham responded:

This is in reply to the letter of February 4, 2010 from the Social Security Administration regarding [Plaintiff]. I agree with my assessment on the form I filled out on 02/02/06.

I believe that the statement filled out which listed [Plaintiff's] limitations on 02/02/06 would be the same as her limitations on June 30, 2005. There was no change in her status documented in my medical records between those two dates.

(Tr. 560).

Plaintiff argues that the ALJ erred by failing to discuss Judge Matsch's concern about the number of likely workday absences she would incur as a result of her ailments and treatment.  She also argues that the ALJ's letter to Dr. Burnham does not mirror the language ordered by the court for the ALJ to communicate to Dr. Burnham.  I reject these arguments.

First, I find no error in the ALJ's failure to reference the number of workday absences Plaintiff would likely incur.  While Judge Matsch noted Dr. Burnham's findings about this as part of his larger discussion of Dr. Burnham's February 2006 questionnaire opinion, he did not assign error to the ALJ's decision based on that finding and, more importantly, did not include any discussion of that finding in his actual remand order.  The ALJ's letter referenced Dr. Burnham's opinions in the letter, and asked her to review the medical reports.  Presumably, she did so and was aware of her finding regarding likely absences

from work in issuing her response. Second, I find no error in the fact that the ALJ did not mirror the language used in Judge Matsch's remand order. The ALJ adequately expressed the issue articulated by Judge Matsch and asked for clarification by Dr. Burnham as required by the remand order.

### 2. Whether the ALJ Erred In Assessing Dr. Burnham's February 2006 Opinion

I do, however, find merit to the argument that the ALJ erred in connection with his assessment of Dr. Burnham's opinion of February 2006. While the ALJ stated that he gave this opinion "controlling weight" (Tr. 436), he ignored completely her finding that Plaintiff would occasionally miss work "3/4 days/month following Avonex injections" and did not include this in the RFC. (*Id.* 243.) The ALJ also noted Dr. Burnham's findings that Plaintiff could rarely twist, stoop, crouch/squat, and climb stairs and never climb ladders (*id.*), but then also failed to include those limitations in the RFC.

While "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question, '[a]n ALJ is not entitled to pick and choose through an uncontroverted medical opinion, taking only the parts that are favorable to a finding of nondisability.'" *Chapo v. Astrue*, 682 F.3d 1285, 1288, 1292 (10th Cir. 2012) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). Thus, an ALJ cannot, as here, discount a portion of a physician's limitations "with no explanation at all as to why one part of his opinion was creditable and the rest was not." *Id.*

The Commissioner argues, however, that Plaintiff is mistaken that Dr. Burnham opined that she would miss three to four days a month, as Dr. Burnham specifically declined to render such an opinion. This is because she declined to identify the number of days per month Plaintiff would miss due to her impairments or treatments when asked to do so by the questionnaire. (Tr. 243.) While this is true, this does not mean that the ALJ could ignore her written finding that Plaintiff would miss an occasional "3-4 days/month following Avonex injections" without explanation. *Chapo*, 682 F.3d at 1288, 1292.

The Commissioner also argues that any error was harmless because the ALJ asked the vocational expert ["VE"] to consider Dr. Burnham's February 2006 report in connection with the VE's testimony as to Plaintiff's ability to perform her past relevant work. (Tr. 391.) However, it is not clear that the VE considered all of Dr. Burnham's limitations. Indeed, it appears from the record that the VE was asked to look at a particular section of the report, but it is unclear from the transcript of the hearing which section the ALJ was referring to. (*Id.*) Moreover, when the VE stated the restrictions in the February 2006 report that she considered, she did not reference the finding that Plaintiff would occasionally miss work or the other findings of Dr. Burnham that were not included in the RFC. (*Id.* 391-92.) Since the record does not show that these limitations were expressly considered by the VE, I reject this argument as well.

Moreover, I agree with Plaintiff that the hypothetical question given to the VE was inadequate. Indeed, the ALJ did not expressly state what impairments he included in the RFC when questioning the VE, and the VE referenced only certain of the limitations found in the February 2006 report. (Tr. 391-92.) Testimony elicited by hypothetical questions that

do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Commissioner's decision. *Gay v. Sullivan*, 986 F.2d 1336, 1340 (10th Cir. 1993).

Based on the foregoing, I find that the ALJ's decision is not supported by substantial evidence. The case must be remanded to the Commissioner so that the ALJ can properly analyze all the limitations noted by Dr. Burnham in her February 2006 report. The ALJ must, on remand, consider *all* the impairments and limitations related to Plaintiff's MS that are referenced by Dr. Burnham. In addition to the findings previously discussed, the ALJ must also consider the findings that Plaintiff would have good days and bad days, and that she suffered from fatigue, weakness, balance problems, double or blurred vision, unstable walking, bladder problems and depression. (Tr. 240-42.) *See Clark v. Barnhart*, No. 02-5093, 2003 WL 1909289, at *2-4 (10th Cir. April 22, 2003) (unpublished) (citing *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000) (remanding where ALJ ignored claimant's allegations of severe fatigue, weakness and swelling, which her condition would reasonably be expected to produce)*.*

### 3. Other Errors

I reject Plaintiff's remaining arguments as to error. First, I find that the ALJ did not err by reclassifying Plaintiff's past work. Principles of res judicata do not apply in social security cases. *Poppa v. Astrue*, 569 F.3d 1167, 1170 (10th Cir. 2009). The law of the case doctrine also does not apply because "the district court's decision reversing and remanding the ALJ's first decision did not make any determinations, explicitly or implicitly, regarding the ALJ's first assessment" of Plaintiff's past relevant work. *Id.*

While it is true that the ALJ did not accept vocational expert Mr. Phillips' conclusions about Plaintiff's past relevant work from the first hearing, relying instead on testimony of a VE from the second hearing who explained that the first VE's conclusions were incorrect (Tr. 393-95), I find no error. When presented with the two conflicting VE opinions, the ALJ could reasonably rely on the well-supported hearing testimony of the VE from the most recent hearing. *See Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000) ("We may 'neither reweigh the evidence nor substitute our judgment for that of the Agency'") (quotation omitted); *Brown v. Chater*, No. 96-6177, 1997 WL 26559, at *2 (10th Cir. Jan. 24, 1997) ("It is the province and duty to the ALJ to reconcile conflicts in the record"). Plaintiff's argument focusing on the ALJ's questions regarding transferability of skills to other work in the national economy, as part of a step five determination, is irrelevant since the ALJ decided Plaintiff was disabled at step four.

I also find no merit to the argument that the ALJ's RFC assessment was conclusory and/or did not contain any rationale or reference to the supporting evidence. The ALJ detailed the medical and nonmedical evidence and specifically stated what evidence he relied on in assessing the RFC. While I found errors in connection with the assessment of Dr. Burnham's February 2006 opinion, as discussed in the previous section, I reject Plaintiff's argument that the RFC otherwise was insufficient under SSR 96-8p.

As to the argument that the ALJ failed to consider the factors listed in 20 C.F.R. § 1527(D) in assessing Dr. Burnham's opinions, this was not required since the ALJ gave controlling weight to her February 2006 opinion. Moreover, I find that the ALJ gave valid reasons, supported by the record, for rejecting Dr. Burnham's May 2007 opinion and the

opinion of Dr. Hughes. Finally, Plaintiff's argument that the ALJ erred at step three in connection with the finding that Plaintiff does not meet the listings is waived as it was raised for the first time in the reply brief. See *Kruse v. Astrue*, 436 F. App'x 879, 885 n. 2 (10th Cir. 2011) (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n. 7 (10th Cir. 1994)); see also *Anderson v. Dep't of Labor*, 422 F.3d 1155, 1174, 1181 n. 51 (10th Cir. 2005).

III. CONCLUSION

Based upon the foregoing, while I reject a number of alleged errors argued by the Plaintiff, I find that the ALJ erred in the RFC assessment when he gave great weight to Dr. Burnham's February 2006 opinion but did not include or discuss all of the limitations and restrictions found in that report. I also find that the hypothetical question was deficient. Accordingly, it is

ORDERED that this case is **REVERSED AND REMANDED** to the Commissioner for further fact finding as directed in this Order pursuant to sentence four in 42 U.S.C. § 405(g).

Dated: September 16, 2013

                                                       BY THE COURT:

                                                       s/ Wiley Y. Daniel
                                                       Wiley Y. Daniel
                                                       Senior United States District Judge